# EXHIBIT A

1                   UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
2                       WESTERN SECTION

3

4

Securities and Exhange Commission)
5                       )       21cv11276-WGY
      vs                )
6                       )     January 20, 2022
Frederick L. Sharp, et al.    )
7 _____)

8

9              VIDEO HEARING HELD BEFORE THE

10           HONORABLE JUDGE WILLIAM G. YOUNG.

11

12

APPEARANCES:
13

**On behalf of the plaintiff:**  Eric A. Forni, Securities and
14 Exchange Commission, 33 Arch Street, 23rd Floor, Boston,
MA 02110-1424.

15

Kathleen Burdette Shields, Securities and Exchange
16 Commission, 33 Arch Street, 24th Floor, Boston, MA 02110.

17 Catherine Bromberk, Securities and Exchange Commission, 33
Arch Street, 24th Floor, Boston, MA 02110.

18

19 **On behalf of the defendants:**  Michelle R. Pascucci,
Donnelly, Conroy & Gelhaar, LLP, Suite 1600, 260 Franklin
20 Street, Boston, MA 02110.

21 Matthew Kane, 260 Franklin Street, Suite 1600, Boston, MA
02110.
22

Michael J. Quinn, Vedder Price P.C., 1925 Century Park
23 East, Suite 1900, Los Angeles, CA 90067.

24 Jeffrey T. Collins, Morgan, Brown & Joy, 200 State Street
11th Floor, Boston, MA 02109.

25

1    **APPEARANCES:**

2    Maura D. McLaughlin, Morgan, Brown & Joy LLP, 200 State
     Street, 11th Floor, Boston, MA 02109.
3

4    Sarah E. Walters, McDermott Will & Emery LLP, 200
     Clarendon Street, Boston, MA 02116-5021.

5    Caitlyn M. Campbell, McDermott Will & Emery LLP, 200
     Clarendon Street, Floor 58, Boston, MA 02116-5021.
6

7    Kevin B. Muhlendorf, Wiley Rein LLP, 1776 K Street, NW,
     Washington, DC 20006.

8    Holly J. Wilson, Wiley Rein LLP, 2050 M Street NW,
     Washington, DC 20036.
9

10   Stephen G. Topetzes, K&L Gates LLP, 1601 K Street NW,
     Washington, DC 20006.

11   Robert S. Silverblatt, K&L Gates LLP, 1601 K Street NW,
     Washington, DC 20006.
12

13   Neil Thomas Smith, K & L Gates LLP, One Lincoln Street,
     State Street Financial Center, Boston, MA 02111.

14   George W. Vien, Donnelly, Conroy & Gelhaar, LLP, Suite
     1600, 260 Franklin Street, Boston, MA 02110.
15

16   Lorraine Belostock, Todd & Weld LLP, One Federal Street
     Boston, MA 02110.

17   Adrienne M Ward, Olshan Frome Wolosky, LLP, 1325 Avenue of
     the Americas, New York, NY 10019.
18

19   George W. Vien, Donnelly, Conroy & Gelhaar, LLP, Suite
     1600, 260 Franklin Street, Boston, MA 02110.

20

21                   Alice Moran, CSR, RPR, RMR
                    Official Federal Court Reporter
22                     United States Courthouse
                     300 State Street, Room 303D
23                      Springfield, MA 01105
                          (413)731-0086
24                      alice.moran@verizon.net

25

1    not going to take more than a half an hour, 15 minutes a

2    side.  And really the only issue, the issue that is worth

3    developing and which I really do want to hear your

4    arguments, is this issue of the statute of limitations.

5    And while that has other implications, that's the issue

6    that I'll want to hear argument.

7         I'm going to start with the SEC because it seems to

8    me the defendants have the better of it, at least with

9    respect to which statute applies.  But as you SEC folks

10   have argued, it doesn't make much difference because you

11   say that conduct within the statute of limitations would

12   -- you can proceed against each one of these defendants.

13        I have some real doubts whether that's so as to

14   defendant Taylor and defendant Gasarch, but that seems to

15   be correct.  And if I allowed you, gave you a couple of

16   weeks to amend as to Taylor and Gasarch and, of course,

17   gave the defense -- those defendants a chance to oppose

18   that when we had some more detailed pleadings, this is a

19   relatively prolix complaint to begin with, you're fine

20   with that, aren't you?

21        ATTORNEY FORNI:  Good morning, Your Honor.

22   Again, Eric Forni on behalf of the Commission.

23        If I can answer that in pieces, if you would permit

24   me?  I think as an initial matter I'd like to just make

25   sure that the proper issues are before the court.  And

1    language is compared between *Martin* and *Landgraf* and the

2    language of the NDAA.

3        Presumably Congress was aware of what the Supreme

4    Court had said in those other cases as to what would be an

5    unambiguous application of the statute, which is why it

6    landed on language that is indisputably verbatim.  So for

7    that reason the NDAA does in fact apply to conduct from

8    August, in this case August, at least August 5, 2011 --

9    and if you'll permit me, I'll explain why I say at least

10   in a moment -- but at least August 5, 2011 to the date we

11   filed this case, which was August 5, 2021.

12       Now, even as to defendants Gasarch and Taylor, even

13   if Your Honor was to apply just 2462 and to determine that

14   the NDAA is unconstitutional or unconstitutionally vague,

15   there is a tolling provision in Section 2462 that is also

16   ripe in this case.

17       The Commission alleges that both of these defendants

18   -- all of the defendants, with the exception of the

19   defendants who are not subject to the motion to dismiss,

20   reside out of the country.  The tolling provision says

21   that unless a defendant is found in the United States --

22   this is again under Section 2462 -- the statute does not

23   begin to accrue, and whether the Commission is able to

24   serve a party in a different country is irrelevant and the

25   *Straub* case says as much.

1    So even for Gasarch and Taylor, the Commission is

2  entitled to discovery.  It is well settled that on

3  affirmative defenses the Commission is entitled to

4  discovery on these issues and the motion to dismiss would

5  be inappropriate, particularly where the complaint is not

6  clear on its face as fatally flawed and, therefore,

7  warranting an affirmative defense.  It is not in this case

8  because there is an outstanding question as to where Mr.

9  Taylor and Ms. Gasarch resided at all times during the

10  relevant period of the complaint.

11    There's more I can say on that, but I also want to

12  just agree with one thing you said, of course, which is

13  that for the other defendants the Commission has pled with

14  particularity that conduct after August 5, 2016 and I pick

15  that date because that is precisely five years before the

16  date that case was filed.

17    So even if Your Honor decides that the NDA is

18  unconstitutional -- which I reiterate we disagree with for

19  the reasons I said -- the question before the court as to

20  these other defendants is really the extent to which the

21  Commission can seek disgorgement, not whether the

22  Commission can seek disgorgement or a penalty for that

23  matter.

24    So really at this point what the parties are

25  litigating it appears is how much disgorgement ought to be

```
1                    C E R T I F I C A T E

2

3    UNITED STATES DISTRICT COURT )
     DISTRICT OF MASSACHUSETTS    )
4

5

6            I certify that the foregoing is a correct

7    transcript from the record of proceedings in the

8    above-entitled matter.  This transcript was prepared to

9    the best of my ability via a Zoom videoconference held by

10   the Court.

11

12   (The certification of this transcript does not apply to
     any reproduction of this transcript, unless under the
13   direct control and/or supervision of the certifying
     reporter.  I assume no responsibility for the accuracy of
14   any reproduced copies not made under my control or
     direction.)

15

16

17   /s/ Alice Moran                    January 24, 2022
     Alice Moran, RMR, RPR
18   Federal Official Court Reporter

19

20

21

22

23

24

25
```