```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

_____
                                )
SECURITIES AND EXCHANGE COMMISSION,)
                                )
                Plaintiff,      )
                                )
        v.                      )       CIVIL ACTION
                                )       NO. 21-11276-WGY
FREDERICK L. SHARP, et al.,     )
                                )
                Defendants.     )
_____ )
```

YOUNG, D.J.                                        September 19, 2023

                                **ORDER**

On June 21, 2023, the parties in the instant case appeared before this Court for oral argument on the Securities and Exchange Commission's ("SEC") motion for partial summary judgement. ECF No. 327. Following argument, this Court denied the SEC's motion, taking under advisement only the matter of whether particular trades identified in the Q system and corroborated by independent brokerage records might suffice to be established through summary judgment. Id. After careful consideration of the standards governing summary judgment and an evaluation of the evidence put forward by the SEC to meet its burden of proof here, the Court rules this case is not one suitable even for partial disposition on a summary judgment

basis. The Court therefore **denies** the SEC's motion in its entirety.

The core of Paul Sexton's and Jackson T. Friesen's opposition to the SEC's motion pertains to the nature of the SEC's evidence. The defendants attack the SEC's evidence on numerous grounds -- authenticity, credibility, and reliability -- all of which essentially lead to the conclusion that under the standards governing summary judgment here, this motion cannot be granted.

Summary judgment is required when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Materiality depends on the substantive law, and only factual disputes that might affect the outcome of the suit can preclude summary judgment. Id. In reviewing the evidence, this Court must "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). This Court must also "disregard all evidence favorable to the moving party that the jury is not required to believe." Id. at 151.

The moving party bears the initial burden of demonstrating that "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  When the moving party also bears the burden at trial, as is the case here, its burden of proof includes "producing incontrovertible prima facie evidence of its claims."  Atlantic Specialty Insurance Co. v. Karl's Boat Shop, Inc., No. CV 19-11219-WGY, 2020 WL 4904932 (D. Mass. Aug. 20, 2020) (citing Celotex Corp., 477 U.S. 317 at 331).  If the movant does so, then the nonmovant must set forth specific facts sufficient to establish a genuine issue for trial.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

The evidence that remains before this Court -- that which has not already been ruled on per the Court's order following oral argument -- is the Q data and independent brokerage records.  Both sources of evidence, argue the defendants, whether viewed independently or cumulatively, do not permit a ruling in the SEC's favor.

The defendants argue that, viewed independently, it is clear that the Q system cannot sustain summary judgment for the SEC because there are substantial issues regarding the authenticity and reliability of this so-called Q data.

[3]

Frederick Sharp ("Sharp"), whose whereabouts seem to be unknown, had complete autonomy over the Q data records and presumably could alter them at will.  The attempts to authenticate the Q system's data depend on Fedir Nikolayev, an employee of Sharp, who may well be charged for his role in the scheme alleged here.

Moreover, only a sample of the Q data was compared to independent brokerage records, and because of the selective sampling, the defendants ought be allowed to have their opportunity to contest the admissibility of such evidence at trial.

This determination rests on the applicable standards of evidence.  The parties should note that at oral argument this Court put great stock in the holding of Reeves v. Sanderson Plumbing.  Reeves, 530 U.S. at 150.  Under Reeves, this Court in drawing reasonable inferences in favor of the defendants, finds it possible that a jury could disbelieve the Q data both independently and when corroborated by a partial sampling through brokerage records.  Such a finding mandates that this Court exclude from its consideration the SEC's evidence for this aspect of the motion.[1]

---

[1] At oral argument, the SEC suggested that this Court's interpretation of Reeves was inaccurate, drawing attention to LaFrenier v. Kinirey, 550 F.3d 166, 168 (1st Cir. 2008)(citing Dennis v. Osram Sylvania, Inc., 549 F.3d 851, 856, 2008 WL 5158868, at *3 (1st Cir.2008) ("At summary judgment we need not exclude all interested testimony, specifically

This aspect of the case, in the context of the evidence undergirding it, is simply not suitable for summary judgment. The SEC's motion, ECF No. 266, is therefore denied in its entirety.

**SO ORDERED.**

/s/William G. Young
WILLIAM G. YOUNG
JUDGE
of the
UNITED STATES[2]

---

testimony that is uncontradicted by the nonmovant")).  To the extent that the SEC argues that affidavits from interested or cooperating witnesses ought not be disregarded and instead may be seen as filling in any gaps in the authenticity and reliability of the Q system, the Court rejects such a proposition.  In LaFrenier, the burden of proof lay with the non-moving party.  That is not the case here and therefore LaFranier has no applicability.  LaFrenier, 550 F.3d 168. Reeves fully controls.  Reeves, 530 U.S. at 150.

[2] This is how my predecessor, Peleg Sprague (D. Mass. 1841-1865), would sign official documents.  Now that I'm a Senior District Judge I adopt this format in honor of all the judicial colleagues, state and federal, with whom I have had the privilege to serve over the past 45 years.

[5]