UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>Frederick L. Sharp, *et al.*,<br><br>Defendants. | Case No. 1:21-cv-11276-WGY |

### DEFENDANT PAUL SEXTON'S OPPOSITION TO MOTION FOR REPLY BRIEF

Defendant Paul Sexton opposes the request by the Securities and Exchange Commission ("SEC" or the "Commission") to file a reply brief in support of its remedies motion. The Commission's primary reason for seeking a reply is that the trial transcript was not available when it filed its original remedies motion. However, the timing of the remedies motion was entirely within the SEC's control. The Commission unilaterally chose to seek remedies prior to the completion of the transcript. *See* ECF No. 412. It then opposed Mr. Sexton's request to extend the deadline for his opposition until after the transcript was completed. Having made the conscious choice to proceed without a transcript, the Commission cannot now use this as a basis for obtaining a second bite at the apple.

The Commission also notes that Mr. Sexton pointed out deficiencies in its motion, such as the lack of proof of any victims suffering pecuniary harm, and seeks leave to belatedly address them. But it is the SEC's burden to put forth a *prima facie* case for relief, and its failure to do so does not warrant another filing. None of Mr. Sexton's arguments were novel or unanticipated; they simply follow well-trodden ground in an effort to put the Commission to its proof.

1

Finally, should the Court grant the Commission leave to file a reply brief, Mr. Sexton requests that it be prohibited from introducing new evidence beyond the trial record and the existing remedies record. At the summary judgment stage, the Commission introduced a substantial volume of new evidence in its reply briefs. *See, e.g.*, ECF Nos. 300-01, 310-11. Having had the chance to put on its case at trial and to file its supplemental motion for remedies, the Commission has had ample opportunity to make an evidentiary record and has not demonstrated a need to introduce new evidence to which Mr. Sexton would not have an opportunity to respond.

Respectfully submitted,

*/s/ Neil T. Smith*

Neil T. Smith (BBO# 651157)
   Neil.Smith@klgates.com
K&L Gates LLP
One Congress Street
Suite 2900
Boston, MA 02114
Tel:  (617) 261-3100
Fax:  (617) 261-3175

*/s/ Stephen G. Topetzes*

Stephen G. Topetzes*
   Stephen.Topetzes@klgates.com
Robert S. Silverblatt*
   Rob.Silverblatt@klgates.com
K&L Gates LLP
1601 K St. NW
Washington, DC 20006
Tel:  (202) 778-9328
Fax:  (202) 778-9100

*Admitted pro hac vice*

*Counsel for Paul Sexton*

Dated: February 20, 2024

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed through the Electronic Court Filing system on February 20, 2024, and a copy thereof will be sent electronically to the registered recipients and counsel of record as identified on the Notice of Electronic Filing.

*/s/ Neil T. Smith*

Neil T. Smith