UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>                       **Plaintiff,**<br>   v.<br>FREDERICK L. SHARP, ZHIYING YVONNE GASARCH, COURTNEY KELLN, MIKE K. VELDHUIS, PAUL SEXTON, JACKSON T. FRIESEN, WILLIAM T. KAITZ, AVTAR S. DHILLON, and GRAHAM R. TAYLOR,<br>                       **Defendants.** | 21-cv-11276-WGY |

**MOTION FOR ORDERS DIRECTING THE TURNOVER OF FROZEN FUNDS
TO THE SECURITIES & EXCHANGE COMMISSION**

Plaintiff, the United States Securities and Exchange Commission (the "Commission"), hereby submits this motion for orders to turn over frozen funds to the Commission to partially satisfy the monetary judgments entered against Mike K. Veldhuis ("Veldhuis"), Paul Sexton ("Sexton"), Jackson T. Friesen ("Friesen"), Yvonne Gasarch ("Gasarch"), and Courtney Kelln ("Kelln") (collectively, "Defendants"), and in support thereof states the following:

1. On August 5, 2021, the Commission filed this case, and the following day obtained a temporary restraining order that froze assets controlled by the Defendants. *See* Dkt. No. 7. At various times during the early stages of litigation, the temporary restraining orders were extended, and the Court issued preliminary injunctions continuing the asset freezes, as periodically modified. *See, e.g.,* Dkt. Nos. 39, 41, 42, 44, 45, 65, 68, 69, 91, 95, 101, 177, 192, 265, 411.

2. The Commission staff served the asset freeze orders on the financial institutions identified in the temporary restraining orders and preliminary injunctions, thereby freezing the Defendants' assets during the pendency of this litigation. As of this filing, the approximate value of

assets that remain frozen in financial institutions as to each of the Defendants are in the below chart (with value in Canadian dollars as provided to the Commission staff, and conversion to U.S. dollars at the rate of 1.00 CAD to 0.7306 USD):

| Defendant | Approximate Amounts Currently Frozen (CDN) | Approximate Amounts Currently Frozen (USD) |
|---|---|---|
| Zhiying Yvonne Gasarch | $365,294 | $266,871 |
| Courtney Kelln | $584,417 | $426,954 |
| Mike Veldhuis | $5,473,946 | $3,999,073 |
| Paul Sexton | $18,711,119 | $13,669,688 |
| Jackson Friesen | $3,799,106 | $2,775,493 |

3. Before the trial in this matter, the Court entered partial judgments against Kelln and Veldhuis in June 2023. Dkt. Nos. 317, 325. The Court then entered a partial judgment against Sexton on September 12, 2023. Dkt. 378. On September 27, 2023, after a ten-day jury trial, a jury found Gasarch and Friesen liable for violating the securities laws. Dkt. No. 402. Thereafter, the Commission moved for, and the Court granted, remedies against the Defendants. *See* Dkt. No. 494-499.[1]

4. The judgments against Veldhuis, Sexton, and Friesen ordered them each to pay a civil penalty of $1,562,603. The judgments further held Veldhuis, Sexton, and Friesen liable for disgorgement, with the amount to be disgorged by Veldhuis not to exceed $13,289,897, the amount to be disgorged by Sexton not to exceed $17,367,474, and the amount to be disgorged by Friesen not to exceed $11,846,176. *See* Dkt. Nos. 495-497, at VII. Though the judgments describe these amounts as joint and several, the Commission is seeking turnover of funds only up to the maximum amount of disgorgement liability as to each defendant as stated in the judgments and does not seek to hold any of the defendants liable beyond that amount.

5. The judgment against Gasarch ordered her to pay a civil penalty of $269,651 and held her liable for disgorgement of $2,522,367. *See* Dkt. No. 498, at V.

---

[1] The Court ordered the Commission to submit a plan detailing how the funds disgorged will be used to make victims whole. *See* Dkt. No. 494, at 63. The Commission staff intends to file its submission for the Court's approval by August 30, 2024.

6. The judgment against Kelln ordered her to pay a civil penalty of $904,078 and held her liable for disgorgement of $1,582,785. *See* Dkt. No. 499, at VI.

7. Each judgment also ordered that the previously entered asset freeze orders "shall continue in full force and effect until the monetary obligation imposed by [the Judgments are] paid in full." *See* Dkt. No. 495, at VIII (Sexton); 496, at VIII (Veldhuis); 497, at VIII (Friesen); 498, at VI (Gasarch); 499, at VII (Kelln).

8. Because of the freeze orders, the Commission is unable to collect the frozen funds. Therefore, the Commission requests that the Court enter the attached proposed orders that direct the financial institutions to pay the frozen funds to the Commission in partial satisfaction of the monetary judgments as to each Defendant. Because the funds currently frozen are insufficient to completely satisfy the Defendants' monetary obligations as ordered by this Court, the Commission will continue collection efforts against other assets owned or controlled by the Defendants.

9. In addition to the freeze orders directing financial institutions to freeze funds belonging to the Defendants, this Court entered an additional order that froze a portion of the funds resulting from Gasarch's sale of her primary residence in January 2022. *See* Dkt. No. 192 (Court Order dated Jan. 25, 2022), ¶6. Given that the precondition to the Court's January 25, 2022 Order has now been satisfied in that a monetary judgment has been issued against Gasarch, Gasarch should now be directed, as the Order instructs, to "cooperate with the Commission to ensure that the escrowed funds are available to satisfy any judgment."

**WHEREFORE**, the Commission respectfully requests that this Court enter the attached Proposed Orders and grant such other relief as the Court deems just and proper.

July 2, 2024                                       Respectfully submitted,

                                                   SECURITIES AND EXCHANGE COMMISSION

                                                   By its attorneys,

                                                   /s/ David H. London
                                                   Kathleen B. Shields (Mass. Bar No. 637438)
                                                   Alfred Day (Mass. Bar No. 654436)
                                                   David London (Mass. Bar No. 638289)
                                                   Nita K. Klunder (Mass. Bar No. 689304)
                                                   Boston Regional Office
                                                   33 Arch Street, 24th Floor
                                                   Boston, MA  02110
                                                   Tel: (617) 573-8997 (London Direct)
                                                   Email: LondonD@sec.gov

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)**

Pursuant to Local Rule 7.1(a)(2), undersigned counsel certifies that, prior to making this motion, he conferred with counsel for Veldhuis, Friesen, Sexton, Kelln, and Gasarch in a good-faith attempt to resolve or narrow the issues presented in this motion. Counsel for Veldhuis, Friesen, Sexton, Kelln, and Gasarch indicated that they oppose this motion.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2024, a true and correct copy of the foregoing motion was filed electronically and served on all counsel of record via the Court's ECF system.

/s/ David H. London